UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL LEON HARDIN,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>    Respondent. | No. 2:25-cv-00367 CSK P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

## I. INTRODUCTION

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the filing fee. On January 15, 2020, the United States District Court for the Southern District of Alabama sentenced petitioner to 120 months imprisonment for conspiracy to possess with intent to distribute methamphetamine. (ECF No. 1 at 2-3.) Petitioner is incarcerated at the Federal Correctional Institution in Herlong, California. For the following reasons, this Court recommends that this action be dismissed.

## II. PETITIONER'S CLAIMS

Petitioner claims that the Bureau of Prisons ("BOP") unlawfully counted expunged convictions against petitioner for custody classification and program eligibility purposes. (Id. at 1, 3.) Petitioner also claims that use of the expunged convictions impacts petitioner's eligibility for halfway house placement and home confinement. (Id. at 3.) As relief, petitioner requests that the Court order the BOP to correct petitioner's custody classification by disregarding the

expunged convictions and to grant any other relief the Court deems just and equitable. (Id. at 6.)

**III. DISCUSSION**

      **A. Claims That May Be Raised in Petition Brought Pursuant to 28 U.S.C. § 2241**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

      **B. The Court Lacks Jurisdiction to Consider Petitioner's Claim that the Expunged Convictions Impact Petitioner's Custody Classification and Access to Programs**

For the following reasons, this Court lacks jurisdiction to consider petitioner's claim that the BOP improperly considered petitioner's expunged convictions in determining petitioner's custody classification and eligibility for programs. It is well settled that "habeas jurisdiction is absent ... where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see Kaimana v. Kobayashi, 2020 WL 4318756, at *2 (D. Haw. July 27, 2020) ("[C]laims that challenge conditions of confinement, and which would not necessarily impact the fact or duration of confinement do not fall within 'the core of habeas corpus' …"). A finding that the BOP improperly considered petitioner's expunged convictions in determining petitioner's classification and eligibility for programs would not necessarily shorten petitioner's sentence. Thus, this claim is not properly brought in this Section 2241 petition and should be dismissed. See Singleton v. Doerer, 2024 WL 4744037, at *2 (C.D. Cal. Oct. 11, 2024), findings and recommendations adopted, 2024 WL 4940538 (C.D. Cal. Dec. 2, 2024) (in habeas corpus petition brought pursuant to Section 2241, court found that it lacked jurisdiction to consider claim that the BOP failed to properly consider petitioner's criminal history and to calculate petitioner's criminal history points because even if petitioner's classification score altered, petitioner's release date would remain unchanged); Estrada v. Chavez, 2009 WL 1383328, at *6 (D. Ariz. May 15, 2009) (finding that court lacked jurisdiction to consider petition brought pursuant to Section 2241 where petitioner

challenged his classification as a medium security inmate and sought reclassification as a low security inmate, because even if petitioner's security level were recalculated, the length of his sentence would not change). Accordingly, petitioner's claim that the BOP improperly considered petitioner's expunged convictions in determining petitioner's custody classification and eligibility for programs should be dismissed.

### C. The Court Lacks Jurisdiction to Consider Petitioner's Claim that the Expunged Convictions Impact Petitioner's Eligibility for Halfway House Placement or Home Confinement

For the following reasons, this Court lacks jurisdiction to consider petitioner's claim that the BOP's improper consideration of petitioner's expunged convictions impacts petitioner's eligibility for halfway house placement or home confinement. The determination of whether an inmate is eligible for placement in a halfway house or home confinement is within the sole discretion of the BOP. See, e.g., Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011) ("[W]e hold that federal courts lack jurisdiction to review the BOP's individualized [Residential Drug Abuse Program] determinations made pursuant to 18 U.S.C. § 3621, such as Reeb's claim herein."); Tate v. Warden, FCI Victorville II, 2024 WL 5190212, at *4 (E.D. Cal. Nov. 15, 2024), findings and recommendations adopted, 2024 WL 5187847 (E.D. Cal. Dec. 20, 2024) (pursuant to Reeb, court lacks jurisdiction to consider BOP's discretionary inmate placement decisions, including those regarding halfway houses and/or home confinement). Thus, the Court lacks jurisdiction to review the BOP's discretionary housing determinations. Accordingly, petitioner's claim that the BOP's improper consideration of his expunged convictions impacts petitioner's eligibility for halfway house placement or home confinement should be dismissed.

### D. Petitioner's Claim that the Expunged Convictions Impact Petitioner's Eligibility for Halfway House Placement or Home Confinement is Not Ripe

To the extent that the Court has jurisdiction over any portion of the petitioner's claim regarding his eligibility for halfway house placement or home confinement, the Court addresses ripeness.

///

1. Legal Standards Regarding Ripeness

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. See Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009) (citing Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121, 1123 (9th Cir. 2009)).

To have standing, a plaintiff must have suffered an injury in fact that is "concrete and particularized," that can be fairly traced to the defendant's action, and that can be redressed by a favorable decision of the court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur." Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997) (emphasis in original). "[I]n many cases, ripeness coincides squarely with standing's injury in fact prong." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). "[B]ecause the focus of [the] ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline." Id.

For example, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985) (internal quotation marks omitted)). "[I]f the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." Bova, 564 F.3d at 1096 (citing Lujan, 504 U.S. at 560). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08 (2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967)).

2. <u>Discussion</u>

In the alternative, this Court finds that petitioner's claim that the BOP's improper consideration of his expunged convictions impacts petitioner's eligibility for halfway house placement or home confinement is not ripe because petitioner does not claim that he is eligible for placement in a halfway house or home confinement or that he has been denied placement in a halfway house or home confinement based on his expunged convictions. Petitioner does not appear eligible for placement in a halfway house or home confinement at this time because he has served approximately one-half of his 120 month sentence. See 28 U.S.C. § 3624(c)(1) ("The Director of Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."); 28 U.S.C. § 3624(c)(2) ("The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). Accordingly, in the alternative, petitioner's claim regarding his eligibility for halfway house placement or home confinement should be dismissed as not ripe. See <u>Quan v. U.S. Bureau of Prisons</u>, 402 Fed. App'x 181, 183 (9th Cir. 2010) (claim that the BOP was required to consider placing inmate in halfway house for last 10% of his sentence not ripe where inmate was not yet serving the last 10% of his sentence).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hard367.157/2